# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JACQUELINE E. CHAPMAN, )
)
    Plaintiff, )
)
v. ) CV416-272
)
CAROLYN L. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant. )

## ORDER

Proceeding *pro se*, Jacqueline Champman has filed a complaint asking the Court to review the denial of her social security disability claim. Doc. 1. She also seeks leave to proceed *in forma pauperis* (IFP). Doc. 2.

While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP

application, and should grant the privilege "sparingly" in civil cases for damages).

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The Court must compare the applicant's assets and liabilities in order to determine whether she has satisfied the poverty requirement. *Id.* at 1307-08; *Thomas*, 358 F. App'x at 116 (district court abused its discretion by failing to compare plaintiff's assets against her liabilities to determine whether she satisfied the poverty requirement).

Chapman declares that she receives a combined $1,053 a month in pension and Social Security benefits, and earns about $300 a month from her part time job. Doc. 2. This would indicate that she is able to afford the $400 filing fee. She does not list any recurring expenses, however, so the Court is unable to assess whether paying the $400 filing fee would actually present undue hardship. The Court therefore **ORDERS** plaintiff to file an amended application to proceed *in forma pauperis.* This time, Chapman must fill out the entire application,

including the disclosure of all outstanding liabilities on page two. The Clerk of Court is **DIRECTED** to include a blank IFP application when serving her with this Order.

**SO ORDERED,** this  19th  day of October, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA