# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JACQUELINE E. CHAPMAN, )
 )
    Plaintiff, )
 )
v. ) CV416-272
 )
CAROLYN L. COLVIN, Acting )
Commissioner of Social Security, )
 )
    Defendant. )

## **ORDER**

On October 19, 2016, the Court ordered *pro se* plaintiff Jacqueline Chapman to file an amended application to proceed *in forma pauperis* (IFP). Doc. 3. When she failed to timely respond to that directive, the Court recommended Chapman's complaint be dismissed for failure to comply with a court order. Doc. 4. As plaintiff has since filed an amended IFP application, doc. 5, the Court **VACATES** its Report and Recommendation to dismiss the complaint without prejudice. However, plaintiff's amended IFP application raises still more questions about her ability to pay the filing fee.

In her initial application, Chapman declared that she receives a combined $1,053 a month in pension and Social Security benefits, and

earns about $300 a month from her part-time job. Doc. 2. However, in her new application she declares that she receives *only* $100-200 per month from her part-time job, with monthly expenses of $200 for homeowners' association fees (but nothing toward mortgage or rent), $100 for transportation, and $100 for doctors' bills. Doc. 5 at 2. She contributes $400 to supporting her son and has $300 in credit card debt. *Id.* Her liabilities clearly exceed her dramatically reduced income per the amended IFP application, but it is unclear why Chapman omitted the $1,000 in Social Security and pension benefits in her second application and why she is earning less from her part-time job. *Compare* docs. 2 *and* 5.

Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants.

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

2

*See, e.g.*, *Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[2] Given the totality of the circumstances, it will do likewise here.[3] Therefore, within 14 days from the date this Order is filed, Chapman shall disclose to the Court the following information:

(1) A *true and correct* statement of all income, Social Security benefits, or other government assistance she is now receiving;

(2) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(3) Where she gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(4) Whether she owns any means of transportation and, if she

---

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

[3] Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items).

does not, whether she has regular access to same, as owned by another (including a rental company);

(5) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(6) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether she anticipates any future income within the next year;

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same); and

(9) (8) The amount of any equity she has in any real property, including her present dwelling (the Court notes the HOA fees mentioned *supra*).

Answering these points will better illuminate plaintiff's true financial condition.[4] The Clerk of Court is **DIRECTED** to include a

---

[4] While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing her own litigation may cause some difficulty is not sufficient to relieve a plaintiff of her obligation to pay her own way where it is possible to do so without undue hardship. *Thomas v. Secretary of Dep't of Veterans Affairs*, 358 F. App'x 115, 116 (11th Cir. 2009) (the Court has wide discretion in ruling on IFP application, and should grant the privilege "sparingly" in civil cases for damages).

When considering a motion filed pursuant to 28 U.S.C. § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). The Court must compare the applicant's assets and liabilities in order to determine whether she has satisfied the poverty requirement. *Id.* at 1307-

blank IFP application (AO 240 (Rev. 01/09)) when serving her with this Order.⁵ Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem*, 2014 WL 24347 at * 1.

**SO ORDERED,** this  2nd  day of December, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

08; *Thomas*, 358 F. App'x at 116 (district court abused its discretion by failing to compare plaintiff's assets against her liabilities to determine whether she satisfied the poverty requirement).

⁵ Plaintiff, who on that form will declare under penalty of perjury that her representations are "true and correct," is reminded that lying under oath, be it live or "on paper," is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

5