# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

JACQUELINE E. CHAPMAN, )
)
    Plaintiff, )
)
v. ) CV416-272
)
CAROLYN L. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant. )

# **ORDER**

Proceeding *pro se*, Jacqueline Chapman has filed a complaint asking the Court to review the denial of her social security disability claim. Doc. 1. The Court now preliminarily screens plaintiffs' complaint.[1]

---

[1] District courts have the inherent power to dismiss *sua sponte* frivolous lawsuits, even those where the plaintiff pays the required filing fee. *See Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 at * 2 (11th Cir. 2012) (notwithstanding filing fee payment, "a district court has the inherent authority to dismiss a patently frivolous complaint"); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n. 3 (11th Cir. 1983) (noting that courts may *sua sponte* dismiss actions for lacking merit "if the proper procedural steps are taken and if the determination is correct on the merits"); *Wilkerson v. Georgia*, 2014 WL 3644179 at * 1 (S.D. Ga. July 21, 2014) (dismissing pro se complaint on frivolity grounds even though plaintiff paid full filing fee), *rev'd on other grounds* 618 F. App'x 610 (11th Cir. 2015). Chapman,

I.  BACKGROUND

Chapman doesn't provide the Court with much.  She complains that on the

> 2nd appeal Judge <u>agreed going forward</u>.  Attorney advised to reject and go back to beginning of claim.  To accept last denial seemed wrong to me.

Doc. 1 at 3.  However, she also attached the "Notice" of denial of review by the Social Security Administration's Appeals Council (doc. 1-1), demonstrating at least that an adverse decision was made on her request for either (or both) Disability Insurance Benefits, 42 U.S.C. § 405, or Supplemental Security Income, *id.* at §§ 1381-1383.

The Notice is dated July 8, 2016, and warned plaintiff that she had 60 days to seek judicial review of the denial, "start[ing] the day after you receive this letter."  Doc. 1-1 at 2.  It further warned her that it was "assume[d] [she] received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period."  *Id.*  It provided that an extension on time to file was available by request directly to the Appeals Council.  *Id.* at 3.  Plaintiff filed her

---

by the way, is obliged to finish paying her court-ordered, $200 filing fee notwithstanding this Court's rulings on the disposition of this case.

2

Complaint on October 18, 2016, 102 days after the Notice date. Doc. 1; *see id.* at 5 (signed October 18, 2016). She did not allege that she requested (or received) an extension of time from the Appeals Council.

## II. GOVERNING STANDARDS

Under the Social Security Act, a claimant is entitled to disability insurance benefits if she is "disabled" due to a physical or mental impairment. *See* 42 U.S.C. § 423(d)(1). A claimant may administratively dispute the Commissioner's adverse benefits determination at two levels, first through review by an administrative law judge and then through review by the Appeals Council. 20 C.F.R. §§ 404.900(a)(3), (4). After that, she may seek judicial review by filing a complaint in the appropriate federal district court. *See id.* § 404.900(a)(5); 42 U.S.C. § 405(g).

A claimant may only proceed in the district court, however, if her civil action is "commenced within sixty days after the mailing to [her] of notice" of "any final decision of the Commissioner of Social Security made after a hearing to which [she] was a party" or "within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g); *see also Bowen v. City of New York*, 476 U.S. 467, 478-79

3

(1986) (the 60-day time period is not jurisdictional but is instead a statute of limitations that operates as a waiver of sovereign immunity). "[T]he date of receipt of . . . notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." *Id.*; *accord* 20 C.F.R. § 404.901 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period"). The 60-day period "may be extended by the Appeals Council upon a showing of good cause." 20 C.F.R. § 422.210(c).

## III. ANALYSIS

Here, the Appeals Council's notice of decision denying Chapman's request for review was dated July 8, 2016. Unless there is a reasonable showing to the contrary, Chapman is presumed to have received the notice five days later on July 13, 2016. *See* 20 C.F.R. §§ 404.901, 422.210(c); *see also Hatchell v. Heckler*, 708 F.2d 578, 579 (11th Cir. 1983) (explaining that "[t]he date of receipt is presumed to be five days after mailing unless there is a reasonable showing to the contrary"). She therefore had 60 days from July 13, 2016 (hence, September 12,

4

2016),[2] to file her Complaint in federal district court. She did not do so, however, until October 18, 2016. Her action appears to be time-barred.

The Court, however, cannot determine whether plaintiff sought (and received) an extension of time to seek judicial review from the Appeals Council as directed in their Notice. Given her *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give Chapman another chance to explain both the facts surrounding her claim *and* demonstrate that her Complaint is timely. She therefore must file a curative, Amended Complaint.

To that end, her Amended Complaint will supersede her original Complaint, so it must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment

---

[2] The 60-day period elapsed on Sunday, September 11, 2016. Plaintiff therefore had until following Monday (September 12th) to file her Complaint seeking judicial review. 42 U.S.C. § 405(g).

5

specifically refers to or adopts the earlier pleading"). Once she files an Amended Complaint, her original pleading will no longer serve any function in this case other than establishing a filing-date benchmark.

In her Amended Complaint, Plaintiff must sufficiently allege facts demonstrating both that (1) her Complaint was filed within 60 days of receipt of the letter *or* that she received permission to file it late; and (2) she is entitled to relief.[3] If Plaintiff fails to file an Amended Complaint *within 21 days* from the date this Order is served, or fails to cure the deficiencies identified above, the Court will recommend that the Complaint be dismissed with prejudice.

**SO ORDERED,** this __27th__ day of January, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] To demonstrate entitlement to relief, plaintiff must set forth: (1) a short, plain description of her alleged physical or emotional impairments, when she contends they became disabling, and how the impairments prevent her from working; (2) a summary of the administrative proceedings before the Social Security Administration; and (3) a short, separate statement of each of her legal claims explaining *why* the evidence does not support the Social Security Administration's findings and denial of benefits.

6