# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JACQUELINE E. CHAPMAN, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CV416-272 |
| | ) | |
| CAROLYN L. COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

Proceeding *pro se*, Jacqueline Chapman has filed a complaint asking the Court to review the denial of her social security disability claim. Doc. 1. Upon screening, the Court ordered plaintiff to amend her complaint to cure several deficiencies. Doc. 11. Chapman filed an amended complaint, indicating that her complaint was timely filed pursuant to 42 U.S.C. § 405(g). She contends that she requested, and received, permission from the Social Security Administration to file her complaint outside of the sixty-day limitations period. Doc. 12 at 2; *see* 20 C.F.R. § 422.210(c) (the Appeals Council may grant an extension of time for "good cause").

Chapman does not, however, attach any proof of either the request

itself, or the Social Security Administration's authorization to file a late complaint. And the Court cannot proceed without such proof. Given her *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give Chapman one more chance to demonstrate that her Complaint is timely. She must attach to a new Amended Complaint evidence that she requested (and received) permission to file a late complaint -- either she has a copy of the Appeals Council's grant of an extension of time or she may request a copy from her regional Social Security Administration office. But she *must* provide the Court with such proof before her claim can proceed.

To that end, plaintiff is reminded that her Amended Complaint will supersede her original Complaint, so it must be complete in itself. *See Malowney v. Fed. Collection Deposit Grp*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n.6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier

pleading"). Once she files an Amended Complaint, her original pleading will no longer serve any function in this case other than establishing a filing-date benchmark.

In her Amended Complaint, Plaintiff must sufficiently allege facts demonstrating both that (1) she received permission to file her complaint late; and (2) she is entitled to relief.[1]  If Plaintiff fails to file an Amended Complaint *within 30 days* from the date this Order is served, or fails to cure the deficiencies identified above, the Court will recommend that the Complaint be dismissed with prejudice.

**SO ORDERED,** this  16th  day of February, 2017.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] To demonstrate entitlement to relief, plaintiff must set forth: (1) a short, plain description of her alleged physical or emotional impairments, when she contends they became disabling, and how the impairments prevent her from working; (2) a summary of the administrative proceedings before the Social Security Administration; and (3) a short, separate statement of each of her legal claims explaining *why* the evidence does not support the Social Security Administration's findings and denial of benefits.

3